IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR DYRELL THOMPSON | ) | |
| | ) | |
| v. | ) | 3-08-CV-1256-D |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Beeville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: On October 4, 2005, Thompson pleaded guilty to the offense of failure to stop and render aid as alleged in the indictments returned in Cause Nos. F-05-01026-MS and F-05-01027-MS, to the offense of intoxication assault as charged in the indictment in No. F-04-5996-QS, and to the offense of intoxication manslaughter as charged in the indictment in No. F-05-01025-MS. Each indictment also alleged a prior conviction for the purpose of enhancement of punishment to which Petitioner entered pleas of "true." He elected to have a jury assess punishment

and at the conclusion of the punishment phase of his trial the jury assessed punishment at a term of life imprisonment on the intoxication manslaughter charge, a term of 20 years imprisonment on the intoxication assault charge, and 5 year terms of imprisonment on the failure to stop and render aid convictions.

Petitioner appealed his convictions and sentences and on January 5, 2007, the Fifth Court of Appeals at Dallas affirmed all four convictions in an unpublished opinion. Thompson thereafter filed a petition for discretionary review of the Fifth Court's opinion, which the Court of Criminal Appeals denied on May 23, 2007.

On April 28, 2008, Thompson filed four habeas corpus applications pursuant to art. 11.07, Texas Code of Criminal Procedure, in the convicting court attacking each one of his convictions. On July 2, 2008, the Court of Criminal Appeals denied each application without opinion based upon the findings of the trial court. In turn he filed the present § 2254 petition attacking all four convictions[1] on July 17, 2008 - the date he signed it and placed it in the prison mailing system. In response to the petition and this court's show cause order Respondent filed his answer together with copies of Thompson's prior state proceedings. On December 9, 2008, Petitioner filed his objections to the answer.

**Findings and Conclusions**: The petition alleges eighteen grounds for relief - one of which alleges error on the part of the state trial court (Ground One), four of which relate to alleged improper peremptory strikes by the prosecution on the basis of venire persons' race or gender (Grounds Two, Three, Four and Five), one alleging a claim of ineffective assistance of trial counsel

---

[1] Although four convictions are at issue, since all four were obtained in one proceeding, Rule 2(e) of the Rules Governing Section 2254 Proceedings permits the filing of a single petition.

(Ground Six) and twelve of which relate to alleged erroneous evidentiary rulings by the trial court (Grounds Seven through Eighteen).

In his answer Respondent contends that Thompson has failed to exhaust state remedies on each category of grounds and in the alternative that his first ground for relief fails to state a claim on which federal habeas corpus relief can be granted.

There are two avenues available to a Texas state prisoner to exhaust state remedies. He may present a claim in a petition for discretionary review to the Texas Court of Criminal Appeals from an adverse opinion of a court of appeals or he may raise a claim in an art. 11.07 application which the Court of Criminal Appeals denies on the merits. *See e.g. Richardson v. Procunier,* 762 F.2d 429 (5th Cir. 1985).

An examination of his petition for discretionary review reflects his sole ground for review was whether the Fifth Court of Appeals erred in holding that he was not harmed by the trial court's refusal to permit him to withdraw his guilty pleas after the jury had been charged and the prosecution had commenced with its closing argument. Therefore, whether Thompson has exhausted Grounds Two through Eighteen of his § 2254 petition is dependent on whether they were presented fully and fairly to the Texas state court system in his art. 11.07 applications.[2] An examination of his art. 11.07 applications which the Court of Criminal Appeals denied on July 2, 2008, reflects that such grounds were not presented to the state courts. Therefore, Grounds Two through Eighteen of his federal petition are unexhausted.

His first ground in his § 2254 petition presents a somewhat closer case. It reiterates verbatim

---

[2]Although he filed four habeas applications, Nos. WR-22,150-02, WR-22,150-03, WR-22,150-04 and WR-22,150-05 - each attacking a separate conviction and sentenced imposed by the jury - the claims presented and the memoranda of law are identical in each.

Issue One in his direct appeal. *See* Nos. 05-05-01486-CR to 05-05-01489-CR, Appellant's Brief at 6-9. In its opinion the Fifth Court of Appeals concurred in finding that the trial court erred in refusing to permit Thompson to withdraw his guilty pleas. *See* Nos. 05-05-01486-CR, *et seq*, opinion at 2-3. However, the court applied a "harmless error" analysis, and concluded that no harm resulted from the error. *Id.* at 8-9. The *only* issue raised in Thompson's petition for discretionary review was his claim that the intermediate appellate court's harm analysis was incorrect. Because no federal constitutional violation was presented to the State court system, I am of the opinion that Ground One of his § 2254 petition is also unexhausted.[3]

Although a federal court may dismiss unexhausted claims without prejudice to permit a habeas petitioner to present them in the State fora, Respondent contends that relief should be denied because any subsequent effort on Thompson's part to present his claim in an art. 11.07 application would be procedurally barred. Specifically, art. 11.07, § 4 bars review of claims in a subsequently

---

[3]Although 28 U.S.C. § 2254(b)(1)(A) prohibits a federal court from granting relief on an unexhausted claim, § 2254(b)(2) permits a court to deny relief on an unexhausted claim. § 2254(d)(1) forecloses federal habeas corpus relief unless the state courts' denial "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States." (Emphasis added). This provision makes explicit the fact that federal habeas relief is available only for violations of the Constitution and laws of the United States and not for violations of State law. The error of the trial court identified in the Fifth Court of Appeals' opinion involves a matter of state law only. As the Court of Criminal Appeals noted in *McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Crim.App. [Panel Op.] 1978): "A liberal practice prevails *in this state* concerning the withdrawal of a guilty plea (Citations omitted). It is well established that where a guilty plea is before a jury the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt." (Citations omitted) (Emphasis added).
     The United States Supreme Court has never issued an opinion which addresses the latest point at which a guilty plea may be withdrawn as a matter of constitutional law applicable to the States. Therefore, irrespective of whether Petitioner has exhausted state remedies with respect to Ground One the result is the same - i.e. the claim fails to state a cognizable basis for relief which allows the court to deny relief, even if unexhausted.

4

filed application after relief on a prior application has been denied, unless certain exceptions are shown to exist. *Id.* at § 4(a)(1) and (2). There can be no doubt that the claims presented in his § 2254 petition are based on matters which occurred prior to the date on which he filed his initial art. 11.07 applications which were denied on July 2, 2008.[4] Therefore, consideration of the merits of these claims by the Texas courts and a federal court in any subsequently filed habeas corpus pleading would be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). *See also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he is required to return to meet the exhaustion requirement would not find the claim procedurally barred, then there has been a procedural bar for purposes of federal habeas corpus relief.").

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court find that relief on Thompson's petition is procedurally barred and that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 16th day of January, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you

---

[4]Variations on most of Thompson's grounds were presented as points of error in his direct appeal although none - with the possible exception of Ground One of his § 2254 petition - was exhausted in the course of his direct appeal.

5

must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.